IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

UNITED STATES OF AMERICA | Criminal No: 1:21-cr-00789

v.

KELSEY LEIGH CURLES

**Motion to Place Under Seal Filed Documents**
**Exhibits from the Defendant's Sentencing Memorandum**

The Defendant, by and through the undersigned counsel, hereby moves this Court or an Order placing the exhibits from the Defendant's Sentencing Memorandum in under seal (Federal Rules of Criminal Procedure, Rule 49.1):

In support of that request, the Defendant would make the following showing:

1. That on November 19, 2021, Curles was charged by way of Information with Cyberstalking in violation of Title 18, United States Code, Section 2261A(2)(A) and (B).

2. That on March 24, 2022, Kelsey Curles entered a plea of guilty as to said Cyberstalking charge.

3. That the Court has inherent powers to seal documents filed on the public docket or take more measured approaches where appropriate. See *Baltimore Sun v. Goetz*, 886 F. 2d 60 (4th Cir. 1988); *Media General Operations, Inc. v. Buchanan*, 417 F.3d 424 (4th Cir. 2005); *In re Application of the United States for an Order Pursuant to 18 U.S.C. § 2703(d)*, 707 F.3d 283, 292-95 (4th Cir. 2013);

4. That the defendant submits that the interests in sealing the said exhibits outweigh the common-law public right of access and that sealing is "essential to preserve higher values." See *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429-31 (4th Cir. 2005).

5. That the proposal is narrowly tailored to preserve the privacy of the defendant and third parties, including highly sensitive personal information and history, and that the proposal to place under seal the said exhibits has a limited impact on information publicly available;

1

6. The purpose of the defendant's request is to protect the privacy interests of the persons involved. The defendant respectfully submits that the privacy interests of the individuals involved trumps the public's limited interest in access to materials related to this matter. The defendant notes that the Court has the inherent authority to seal these documents. See *Baltimore Sun v. Goetz*, 886 F. 2d 60 (4th Cir. 1988); and *In re Application of the United States for an Order Pursuant to 18 U.S.C Section 2703(D)*, 707 F. 3d 283 (4th Cir. 2013). Based upon the foregoing, the defendant therefore requests that the Court direct that the said exhibits in her Memo be filed under seal until further order of the Court;

7. That defense counsel has consulted with the Government and that the Government has no objections to the proposal.

For these reasons, the defense counsel respectfully requests the Court grant this motion to place the exhibits from the Defendant's Sentencing Memorandum under seal.

Respectfully submitted,

s/Alexandre Thomas Postic
Alexandre Thomas Postic
Postic Law Firm, PA
Post Office Box 11926
Columbia, South Carolina 29211
alex@posticlawfirm.com
(803) 771-8081 Facsimile: (803) 771-4888

ATTORNEY FOR THE DEFENDANT
FEDERAL ID #: 6713

July 17, 2022